# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| STRATTON FAXON,<br>    Plaintiff,<br><br>v.<br><br>MERCK & CO., INC., ANDY D.<br>BIRCHFIELD, JR., EDWARD F.<br>BLIZZARD, THOMAS V. GIRARDI, RUSS<br>M. HERMAN, CHRISTOPHER SEEGER,<br>and ARNOLD LEVIN,<br>    Defendants. | CIVIL ACTION NO.<br>3:07cv1776 (SRU) |

## ORDER

Plaintiff Stratton Faxon is a Connecticut law firm representing approximately eighty-five (85) clients who were allegedly injured by using Vioxx, a drug designed to relieve symptoms of certain types of arthritis, and to relieve pain. Stratton Faxon's clients brought several actions against Merck & Co., Inc. ("Merck"), the manufacturer of the drug. The multidistrict litigation panel transferred those actions, along with many other actions, to Judge Eldon E. Fallon in the Eastern District of Louisiana. Those actions remain pending (collectively "Vioxx litigation"). Merck and the other named defendants, members of the plaintiffs' steering committee in the Vioxx litigation, negotiated a proposed settlement agreement. The settlement agreement will be adopted only if a sufficient percentage of plaintiffs in the Vioxx litigation accept its terms.

One of the provisions of the proposed agreement forms the basis for the instant dispute. That provision "requires [Stratton Faxon] to either recommend the settlement to all of [its] clients or none of [its] clients." Pl. Compl. at ¶ 7. The settlement agreement contains a "safe harbor" provision, however, from the "all or none" recommendation requirement if "the ethics rules of its jurisdiction do not allow 'all or nothing' type recommendations to clients." *Id*. at ¶ 8.

On December 3, 2007, Stratton Faxon filed the instant complaint seeking a prospective declaratory judgment about ethical rules of the District of Connecticut. Specifically, Stratton Faxon seeks a declaratory judgment that Rule 5-6 of the Rules of Professional Conduct "prevents [it] from making an all or nothing recommendation, and that each client must be treated individually for purposes of determining whether the settlement agreement should or should not be recommended, without risking disenrollment or withdrawal of representation if less than all clients enroll." *Id*. at ¶ 12.[1]

The Declaratory Judgment Act provides that "*in a case of actual controversy* within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). A district court may not exert jurisdiction under the Declaratory Judgment Act if the action does not present an actual case or controversy. It is well established that "the oldest and most consistent thread in the federal law of justiciability is that the federal courts will not give advisory opinions." *Flast v. Cohen*, 392 U.S. 83, 96 (1968) (quoting C. Wright, Federal Courts 34 (1963)). An actual case or controversy is "one that is 'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *E.R. Squibb & Sons, Inc. v. Lloyd's & Cos.*, 241 F.3d 154, 177 (2d Cir. 2001) (quoting *Olin Corp. v. Consolidated Aluminum Corp.*, 5 F.3d 10, 17 (2d Cir. 1993)).

---

[1] The parties in this case participated in a phone conference on December 13, 2007 to discuss whether this case presents an actual case or controversy. Stratton Faxon requested time to submit a brief in support of its position that this action does present an actual case or controversy. That time elapsed several days ago and Stratton Faxon has not filed a brief.

A "party seeking a declaratory judgment bears the burden of proving that the district court has jurisdiction." *Id*. Even if jurisdiction would otherwise be proper, a district court's exercise of jurisdiction under the Declaratory Judgment Act is discretionary. *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003).[2]

Stratton Faxon asserted at a recent conference that this case presented a "typical declaratory judgement situation," and that this case is analogous to a typical insurance coverage dispute brought under the Declaratory Judgment Act. Typically, in such a case, an insured has entered into a contract of insurance with an insurance company and the insured subsequently suffers an injury, or incurs some actual or potential liability for an injury to another individual. The insured then sues the insurer, or vice versa, seeking a declaration concerning the insurer's duty to defend or indemnify the insured under the insurance contract. Those actions are appropriate under the declaratory judgment act because there is an actual dispute, the parties are genuinely adverse, and the event giving rise to the dispute occurred in the past. A declaratory

---

[2] In exercising discretion to hear a declaratory judgment action, district courts consider whether (1) "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," and (2) whether the judgment "will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Dow Jones & Co. v. Harrods Ltd.*, 346 F.3d 357, 359 (2d Cir. 2003). Other courts have further elaborated upon the equitable factors and consider "(1) whether the declaratory action would settle the controversy; (2) whether the declaratory action would serve a useful purpose in clarifying the legal relations in issue; (3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata;' (4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and (5) whether there is an alternative remedy which is better or more effective." *Dow Jones & Co. v. Harrods, Ltd.*, 237 F. Supp. 2d 394, 432 (S.D.N.Y. 2002).

For reasons set forth in this order, I hold that this action does not present a "case of actual controversy" under the Declaratory Judgment Act. Even if this action did present a case of actual controversy, I would not exercise my discretion to hear the case.

judgment in that scenario binds the parties.

But this case is not analogous to a typical insurance coverage dispute. First, the defendants are not adverse to Stratton Faxon with respect to the question presented in this case.[3] Second, justiciable disputes in insurance coverage cases derive from an event that occurred in the past, whereas this dispute would arise from an event that may (or may not) occur in the future. Specifically, this case would only become ripe for decision if and when Stratton Faxon recommends to some, but not all, of its clients to accept the settlement. Even then, the dispute would be hypothetical unless and until a potential adversary brought an action against Stratton Faxon related to its decision to recommend that only some of its clients accept the settlement. As of now, that factual scenario is strictly hypothetical.

Instead, Stratton Faxon merely has a difficult decision to make about an ethical rule. It must either recommend that all of its client accept the private and consensual settlement, none of its clients accept the settlement, or trust its interpretation of the Connecticut ethical rules that would place it, and its clients, in the safe harbor. There indeed may be adverse future consequences to any potential decision Stratton Faxon makes. But lawyers make difficult decisions about ethical rules on a daily basis. Not every difficult decision constitutes a "case of actual controversy."

Because Stratton Faxon seeks a prospective ruling advising it about a how a Connecticut

---

[3] Stratton Faxon admitted as much in a recent conference: "I'm not suggesting that these folks are adverse. Actually they are interested parties. They are people of interest. They are the ones who put together the settlement agreement so they certainly have an interest in how it's interpreted. You know, it was not meant to be adversarial in terms of wanting some sort of a judgment against these folks." Transcript of the December 13, 2007 Telephone Conference, p. 11, l. 3-9.

ethical rule will operate under given hypothetical state of facts, and because the defendants are not adverse to the plaintiffs in this case, no case or controversy exists. As such, Stratton Faxon's complaint is dismissed for lack of jurisdiction.[4]

The Clerk shall close the file.

It is so ordered.

Dated at Bridgeport, Connecticut, this 21st day of December 2007.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[4] In the alternative, it is not clear that Stratton Faxon has standing under Article III to bring this declaratory judgment action. To have Article III standing, "[a] plaintiff must allege personal injury fairly traceable to the *defendant's* allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984) (emphasis added). In this case, Stratton Faxon has not yet suffered a concrete injury, nor does it appear as though any potential injury derives from unlawful conduct on the part of the defendants.